NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LETICIA MONREAL, | No. 22-55713 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-00813-JDE |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John D. Early, Magistrate Judge, Presiding

Submitted August 24, 2023[**]
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Leticia Monreal (Monreal) appeals the district court's order affirming the denial of Social Security benefits by the Commissioner of Social Security. Monreal contends that the Administrative Law Judge (ALJ) failed to resolve an apparent conflict between the testimony of a vocational expert (VE) and the Dictionary of Occupational Titles (DOT) concerning the reasoning levels required of the occupations the ALJ relied on in determining that Monreal was not disabled. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review [the district court's] decision de novo and must determine whether the ALJ's ruling is free of legal error and its findings of fact are supported by substantial evidence. . . ." *Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023) (citation omitted).

"[U]nder current rules, if there is a conflict between occupational evidence provided by the VE and information in the DOT, the ALJ may not rely on the VE's evidence to support a determination or decision that the individual is or is not disabled unless the ALJ explains how he or she resolved the conflict." *Id.* at 505 (citations and internal quotation marks omitted).

The DOT provides that Level 2 Reasoning encompasses the abilities to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and to "[d]eal with problems involving a few concrete

variables in or from standardized situations." DOT, App. C, 1991 WL 688702 (2016). With Level 3 Reasoning, an individual is capable of "[a]pply[ing] commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal[ing] with problems involving several concrete variables in or from standardized situations." *Id.*

The VE's unchallenged testimony reflected no apparent conflict between his opinion and the DOT concerning Monreal's capability to perform occupations requiring Level 3 Reasoning. In his RFC determination, the ALJ specified that Monreal could "sustain concentration, persistence and pace for simple and some occasional detailed tasks for a 40 hour workweek; detailed tasks require written instructions." In support of his RFC determination, the ALJ gave significant weight to the opinions of a psychiatric consultative examiner that Monreal "had moderate limitations in . . . her ability to follow detailed instructions, and her ability to respond to work pressure in a usual work setting," but "no more than mild limitations in any other functional area." Monreal's capabilities exceed the limitations imposed for occupations involving Level 2 Reasoning. *See id.* Consequently, there was no "apparent conflict" between Monreal's residual functional capacity "and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). *Zavalin* does not control because there, the ALJ

found that the claimant was limited to "simple, routine tasks," which did create an inherent conflict with Level 3 Reasoning occupations. *Id.* at 846.

**AFFIRMED.**